IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                          CR. NO. S-08-0562 EJG (GGH)

    vs.                                     ORDER

VICTOR MARTINEZ, et al.,

        Defendants.

_____/

        Defendant, Victor Martinez, and several of his co-defendants in this unlawful drug trafficking conspiracy case, brought on for hearing on September 7, 2010, a multi-request discovery motion. For all aspects of the motion, except for the Fed. R. Ev. 404(b) request, the parties and the court agreed that the transcript would stand as the basis for the court's rulings, and that no further written order was required. Thus, this order deals only with the Rule 404(b) request.

        There is no need to detail the alleged factual background of this case for resolution of the issue remaining in the discovery motion. Suffice it to say that the facts involved encompass a rather commonly found drug trafficking conspiracy, albeit a long term conspiracy involving many defendants. As permitted by Fed. R. Ev. 404(b), Martinez requested notice of the "general nature" of any "prior bad acts" evidence which the government planned to

introduce.[1]

Martinez' request is authorized by Rule 404(b). However, the government has not identified any evidence on the basis that "bad acts" evidence is directly related to proving the conspiracy and other counts. Further, the government argues that the indictment does not have to list all the overt acts in the conspiracy, see United States v. Jackson, 167 F.3d 1280, 1285 (9th Cir. 1999), or other counts, and that evidence integral to the conspiracy or other counts, even if demonstrating unlawful or other admissible "bad acts," is not encompassed by Rule 404(b). The government is correct to a point. Case law does not recognize evidence used to prove a conspiracy, or evidence "inextricably intertwined" with the criminal counts at issue, to be Rule 404(b) evidence. United States v. Montgomery, 384 F.3d 1050, 1061-62 (9th Cir. 2004); United States v. Beckman, 298 F.3d 788, 793-94 (9th Cir. 2002); United States v. Bernal, 719 F.2d 1475, 1478 (9th Cir. 1983) (conspiracy).

However, the government cannot take the position, which it has, that it may, without giving the required Rule 404(b) notice to defendants, reserve the right to introduce the prior acts as Rule 404(b) evidence, if it later turns out at trial that the evidence cannot directly be admitted as part of the case to be proved. Such a position, if approved, would read the 404(b) notice provisions right out of the rule. To the detriment of defendants, the government could often argue at trial that no notice was given because it erroneously believed the evidence admissible on grounds other than 404(b) when it declined to give pretrial notice. In short, the government cannot reserve the right to be wrong.

Rather, the government must *presently* make a judgment call: if it appears to the government without a doubt that the prior bad acts evidence will be admitted as part of the *res gestae*, it can determine to give no notice. However, if there is genuine doubt in the government's minds about the "inextricable" relation of the prior bad acts to the counts which

---

[1] The "general nature" of bad acts evidence would include an identification of the particular act and a general description of the evidence which would be used to prove the act.

must be proven, it behooves the government to give the required notice.

Because the government has taken the position at hearing that the prior bad acts at issue (unspecified to this point) are part of its case on the elements of the crime(s) at issue, defendant's motion (including the other defendants who have joined in Martinez' motion) will be denied.  If the trial judge refuses to admit the evidence on a basis other than 404(b), i.e., he rules that the evidence is not directly encompassed by the pleaded counts, defendants may object on the basis of lack of Rule 404(b) notice.

However, if the government has second thoughts about its position taken at hearing with respect to all or some of its evidence, it has ten days in which to give the proper Rule 404(b) notice.[2]

*Conclusion*

That part of Martinez' motion requesting notice of Rule 404(b) evidence is denied without prejudice to the right of defendants to object to lack of notice for evidence if the government seeks to have it admitted on the basis of Rule 404(b).  If the government gives appropriate Rule 404(b) notice within ten days of the filed date of this order, defendants will have no right to object on the basis of lack of notice.

This order, and the rulings at hearing, resolve docket numbers 105, 106, 118, 141.

DATED: 09/15/2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
martinez562.ord

---

[2] Of course, the government can both believe its evidence part of the conspiracy proof *and* in an abundance of caution give Rule 404(b) notice.